CÆSAR et al. v. KULLA.

(Supreme Court, Appellate Term. March 21, 1905.)

PARTNERSHIP—AGREEMENT TO PAY FIRM DEBTS—ENFORCEMENT BY CREDITOR.
Where defendant agreed with one member of a firm that, if he would
sell his interest to defendant's brother at a certain price, defendant
would pay the firm debts, but it did not appear that defendant received
any of the firm assets, the promise was for the protection of the retiring
partner only, and a firm creditor could not maintain an action thereon.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Henry A. Cæsar and another against Jacob Kulla. From
a judgment for plaintiffs, defendant appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Goldfogle, Cohn & Lind, for appellant.
Morris J. Hirsch, for respondents.

SCOTT, J. The plaintiffs were creditors of a copartnership composed of Jacob Kollenberg and Joseph Kulla, a brother of defendant. Differences arose between the partners, and they both consulted defendant, who was not a member of the firm, or interested in any way in its business. It was suggested that Kollenberg should sell out his interest in the firm, and retire from it, which he agreed to do upon receipt of $300. The defendant thereupon gave his brother a check for this sum, which the brother indorsed over to Kollenberg; and thereupon a dissolution agreement was entered into between Joseph Kulla and Kollenberg, whereby the latter assigned and transferred to Joseph Kulla all right, title, and interest in the copartnership assets. and Joseph Kulla agreed to assume and pay all the copartnership debts. Jacob Kulla was not a party to this agreement. Although the evidence is somewhat confused, and in certain particulars conflicting, the foregoing facts may be said to be certainly established. The plaintiffs' claim rests upon Kollenberg's assertion that Jacob Kulla agreed with him that, if he (Kollenberg) would take $300 for his interest in the firm, defendant would pay the firm debts. There is no evidence whatever that Jacob Kulla received any of the assets of the firm, or any of the proceeds thereof, except that after the dissolution Joseph Kulla paid a part of his indebtedness to his brother out of the proceeds of the assets which he was able to sell. The facts thus established bring the present case precisely within the facts of Berry v. Brown, 107 N. Y. 659, 14 N. E. 289, wherein it was held that such an agreement as the defendant is alleged to have made, taking the version most favorable to plaintiffs, which is supported by credible evidence, was merely an agreement for the benefit of the retiring partner, to relieve him from and indemnify him against the debts of the firm, with no intention to secure any benefit to the firm creditors; and, since no sale was made to the defendant, and no consideration passed to him, the plaintiffs, strangers to the agreement, could not enforce it. It was further held that such an agreement was void under the statute of frauds.

The judgment must be reversed and a new trial granted, with costs
to appellant to abide the event. All concur.